```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/28/17
```

```
LARISA GESKINA,                      :

                    Plaintiff,       :

        -against-                    :

ADMORE AIR CONDITIONING              :
CORP., et al.,
                                     :
                    Defendants.
                                     :
----------------------------------X
```

16 Civ. 3096 (HBP)

OPINION
AND ORDER

PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 19). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       The parties reached their proposed settlement before I could schedule a settlement conference, and therefore, my knowledge of the underlying facts and the justification for the settlement is limited to the complaint and counsels' representations in their motion seeking settlement approval. Plaintiff formerly worked for Admore Air Conditioning Corporation ("Admore") as a bookkeeper and in general administration and seeks, by this action, to recover unpaid overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Stan-

dards Act (the "FLSA"), 28 U.S.C. §§ 201 et seq., and the New
York Labor Law.  She also asserts a claim based on defendants'
alleged failure to maintain certain payroll records.

Plaintiff alleges that she was employed as a bookkeeper
of Admore from April 7, 2014 until her termination in January
2016.  Plaintiff claims that between April 2014 and May 2015, she
worked at least 572 hours of overtime without compensation.  She
claims that during that period, her salary was $90,000.00; her
regular hourly rate was $49.45 and her overtime rate was $74.17.
Between June 2015 and her termination, plaintiff claims she
worked at least 308 hours of overtime without compensation.
Plaintiff claims that during this later period, her salary was
$95,000.00; her regular hourly rate was $52.19 and her overtime
rate was $78.29.  Exclusive of liquidated or statutory damages,
plaintiff claims that she is owed at least $67,000.00 in unpaid
overtime.  Defendants believe plaintiff is exempt from federal
and state overtime requirements and is not, therefore, entitled
to recover any damages for allegedly unpaid overtime premium pay.

The parties have agreed to settle the matter, though
they want the total settlement amount to remain confidential.  To
this end, they have filed the proposed settlement on the public

2

docket with the total settlement amount redacted[1] and have re-
quested in an in camera submission that they not be required to
disclose the settlement amount publicly.  Alternatively, they
wish to file an unredacted settlement under seal.  The settlement
agreement also contains a confidentiality clause prohibiting
disclosure of the total settlement amount except to specified
people or authorities if required by law or court order.  Defen-
dants want this information to be confidential because of the
"substantial monetary amounts expended in settlement" and because
of fear of copycat lawsuits, inquiries from customers and poten-
tial customers and allegations from competitors regarding defen-
dants' business and employment practices (Unopposed Motion for
Approval of FLSA Settlement, dated Oct. 28, 2016 (D.I. 19)
("Motion for Approval"), at 12).

        "Under the common law right to access, a presumption of
public access attaches to any 'judicial document' . . . ."
Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 337 (S.D.N.Y.
2012) (Furman, D.J.).  Because FLSA settlements need to be
approved by a court, they are "judicial documents," to which a

---

[1]The portion of the total settlement allocated to overtime
wages and other damages is not redacted; the portion allocated as
consideration for plaintiff's release of claims is redacted.
Additionally, the portion allocated to attorneys' fees and costs
is redacted.

3

presumption of public access applies.  Lopez v. 41-06 Bell Blvd.
Bakery LLC, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199 at *2
(E.D.N.Y. Oct. 3, 2016) (Report & Recommendation), adopted by,
2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Lopez v. Nights of
Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan,
D.J.); Files v. Federated Payment Sys. USA, Inc., No. 11-CV-3437
(JS)(GRB), 2013 WL 1874602 at *1 (E.D.N.Y. Apr. 2, 2013); Wolins-
ky v. Scholastic, Inc., supra, 900 F. Supp. 2d at 337-38; Curasi
v. Hub Enters., Inc., No. 11-CV-2620 (JS)(GRB), 2012 WL 728491 at
*1 (E.D.N.Y. Mar. 5, 2012).  "To overcome the presumption, the
parties must make a substantial showing of need for the terms of
their settlement not to be filed on the public docket."  Curasi
v. Hub Enters., Inc., supra, 2012 WL 728491 at *1 (internal
quotation marks omitted); accord Lopez v. 41-06 Bell Blvd. Bakery
LLC, supra, 2016 WL 6156199 at *2 ("A judicially approved FLSA
settlement agreement should not be filed under seal, except in
the very limited circumstance where parties can make a substan-
tial showing that their need to seal the agreement outweighs the
strong presumption of public access that attaches to such judi-
cial documents." (internal quotation marks omitted)).

        The parties have not overcome the presumption of public
access to their FLSA settlement.  Indeed, the same arguments
defendants advance here in support of keeping the total settle-

4

ment amount confidential have been rejected because "[a] busi-
ness's general interest in keeping its legal proceedings private
does not overcome the presumption of openness." <u>Curasi v. Hub
Enters., Inc.</u>, <u>supra</u>, 2012 WL 728491 at *2 (alteration in origi-
nal; internal quotation marks omitted); <u>see</u> <u>Camacho v. Ess-A-
Bagel, Inc.</u>, 14 Civ. 2592 (LAK), 2015 WL 129723 at *3 (S.D.N.Y.
Jan. 9, 2015) (Kaplan, D.J.) ("[F]ear of copycat lawsuits or
embarrassing inquiries does not suffice to defeat" Congress's
intent "both to advance employees' awareness of their FLSA rights
and to ensure pervasive implementation of the FLSA in the work-
place . . . . It is difficult to imagine a scenario in which the
parties' interest in non-disclosure trumps these congressional
purposes." (brackets in original; internal quotation marks
omitted)); <u>Wolinsky v. Scholastic, Inc.</u>, <u>supra</u>, 900 F. Supp. 2d
at 339 ("Against [Congress's] interests, the fear that disclosure
will prompt additional litigation or embarrassment is too specu-
lative and insufficient to justify sealing." (internal quotation
marks omitted)).   Thus, "[t]he overwhelming majority of courts
reject the proposition that FLSA settlement agreements can be
confidential." <u>Armenta v. Dirty Bird Grp., LLC</u>, 13 Civ. 4603
(WHP), 2014 WL 3344287 at *2 (S.D.N.Y. June 27, 2014) (Pauley,
D.J.); <u>accord</u> <u>Figueroa v. Rovini Concrete Corp.</u>, 15 Civ. 8058
(RLE), 2017 WL 462310 at *1 (S.D.N.Y. Jan. 18, 2017) (Ellis,

5

M.J.); Lopez v. Nights of Cabiria, LLC, supra, 96 F. Supp. 3d at 177; see also, e.g., Lopez v. 41-06 Bell Blvd. Bakery LLC, supra, 2016 WL 6156199 at *2-*3; Thallapaka v. Sheridan Hotel Assocs. LLC, 15 Civ. 1321 (WHP), 2015 WL 5148867 at *1 (S.D.N.Y. Aug. 17, 2015) (Pauley, D.J.); Files v. Federated Payment Sys. USA, Inc., supra, 2013 WL 1874602 at *3; Wolinsky v. Scholastic, Inc., supra, 900 F. Supp. 2d at 340; Curasi v. Hub Enters., Inc., supra, 2012 WL 728491 at *2-*3 ("[T]he public has a substantial interest in the amount of settlement, and the presumption against disclosure of such information is not easily overcome . . . ."); Bouzzi v. F & J Pine Rest., No. 10 CV 457 (DLI), 2011 WL 7004196 at *2-*3 (E.D.N.Y. Sept. 23, 2011) (Report & Recommendation) ("When the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement . . . . When courts are faced with the choice between public access to FLSA settle- ment agreements and fostering settlement generally, courts have routinely chosen to prioritize public access."), adopted sub nom., Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635 (E.D.N.Y. 2012).   Therefore, the parties' settlement agreement must be filed on the public docket in unredacted form and the

6

settlement agreement's confidentiality clause, although narrow, is impermissible.[2]  See Hyun v. Ippudo USA Holdings, supra, 2016 WL 1222347 at *3 (provision requiring collective members to keep aggregate settlement amount confidential was impermissible because amount appeared on public docket); Camacho v. Ess-A-Bagel, Inc., supra, 2015 WL 129723 at *1-*2 (provision requiring parties to respond to inquiries about lawsuit with "[t]he Parties' dispute has been amicably resolved" amounted to a "gag order" and was impermissible).

Accordingly, for all the foregoing reasons, I cannot approve the settlement at this time.  Within 30 days of the date of this Order, the parties are either to file their settlement

---

[2]The agreement provides that "[i]n the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby" (Motion for Approval, Ex. 1 ¶ VI(D)).  As a result, the confidentiality provision, by itself, does not require me to withhold approval of the settlement agreement as a whole.  See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

agreement, unredacted and without the confidentiality provision,

on the public docket, or to file a letter indicating their

intention to abandon the settlement and proceed with litigation.

Dated:   New York, New York
         March 28, 2017

                                    SO ORDERED


                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel of Record