USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

LARISA GESKINA,

              Plaintiff,

  -against-

ADMORE AIR CONDITIONING
CORP., et al.,

             Defendants.

------------------------------------X

16 Civ. 3096 (HBP)

OPINION
AND ORDER

     PITMAN, United States Magistrate Judge:

     This matter is before me on the parties' joint application to approve their settlement (Unopposed Motion for Approval of FLSA Settlement, dated Oct. 28, 2016 (Docket Item ("D.I.") 19); Settlement Agreement, filed Mar. 31, 2017 (D.I. 21)). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

     The parties reached their proposed settlement before I could schedule a settlement conference, and my knowledge of the underlying facts and the justification for the settlement is, therefore, limited to the complaint and counsels' representations in their motion seeking settlement approval.

     Plaintiff formerly worked for Admore Air Conditioning Corporation ("Admore") as a bookkeeper and in general administra-

tion and seeks, by this action, to recover unpaid overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 28 U.S.C. §§ 201 et seq., and the New York Labor Law. She also asserts a claim based on defendants' alleged failure to maintain certain payroll records.

Plaintiff alleges that she was employed as a bookkeeper of Admore from April 7, 2014 until her termination in January 2016. Plaintiff claims that between April 2014 and May 2015, she worked at least 572 hours of overtime without compensation. She claims that during that period, her annual salary was $90,000.00, her regular hourly rate was $49.45 and her overtime rate was $74.17. Between June 2015 and her termination, plaintiff claims she worked at least 308 hours of overtime without compensation. Plaintiff claims that during this later period, her annual salary was $95,000.00, her regular hourly rate was $52.19 and her overtime rate was $78.29. Exclusive of liquidated or statutory damages, plaintiff claims that she is owed approximately $67,000.00 in unpaid overtime. Defendants contend that plaintiff is exempt from federal and state overtime requirements and is not, therefore, entitled to recover any damages for allegedly unpaid overtime premium pay.

The parties have agreed to a total settlement of $40,000.00. The parties have also agreed that $900.00 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $13,332.00 (or approximately 34%) of the remaining $39,100.00 will be paid to plaintiffs' counsel as fees and the remaining $25,768.00 will be paid to plaintiff.

I previously refused to approve the settlement agreement because the parties filed it on the public docket with the total settlement amount redacted (Opinion and Order, dated Mar. 28, 2017 (D.I. 20)). I ordered the parties either to file their settlement agreement, unredacted, on the public docket or to file a letter indicating their intention to abandon the settlement and proceed with litigation. The parties chose the former option.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a

3

settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

4

First, the settlement represents approximately 59.7% of plaintiff's alleged unpaid overtime. Defendants argue that plaintiff was exempt from the overtime requirements and is, therefore, entitled to no damages for overtime work. As discussed in more detail below, given the risks this issue presents, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. The settlement was reached prior to any extensive documentary discovery, depositions and dispositive motions. The settlement avoids the necessity of undertaking these tasks.

Third, the settlement will enable plaintiff to avoid the risks of litigation. As noted above, defendants contend that plaintiff was an exempt employee and, therefore, not entitled to overtime. The Secretary of Labor's regulations implementing the FLSA state that bookkeepers generally do not qualify as exempt employees. Pippins v. KPMG LLP, 921 F. Supp. 2d 26, 47-48 (S.D.N.Y. 2012) (McMahon, D.J.), aff'd, 759 F.3d 235 (2d Cir. 2014). However, the law is also clear that an employee's title, by itself, is not determinative of whether he or she is exempt from the overtime requirements; instead, the court must examine the nature of the employee's duties. Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010); Moran

5

v. GTL Constr., LLC, 06 Civ. 168 (SCR), 2007 WL 2142343 at *2 (S.D.N.Y. July 24, 2007) (Robinson, D.J.). Litigation would, therefore, require testimony as to the nature of plaintiff's duties, which would raise issues of credibility. Thus, whether plaintiff would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel

and that counsel advocated zealously on behalf of their respective clients during negotiations.

Fifth, there are no factors that suggest the existence of fraud or collusion. Therefore, all the Wolinsky factors weigh in favor of approving the settlement.

Additionally, the settlement agreement does not contain other clauses that would warrant rejection of the settlement. Although it still contains a confidentiality clause prohibiting disclosure of the total settlement amount except to specified people or authorities if required by law or court order (Settlement Agreement ¶ IV), that clause is hereby stricken. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (Kaplan, D.J.) (confidentiality provisions of proposed settlement agreement were in "strong tension with the remedial purposes of the FLSA").[1]

---

[1] My striking the confidentiality clause does not void the settlement agreement because the agreement provides that "[t]o the extent that the basis of the Court's denial of the motion to approve the settlement is premised upon the inclusion of the Confidentiality Provision . . ., the parties agree that in that event, that provision may be stricken without further amendment to this agreement" (Settlement Agreement ¶ III(C)). The settlement agreement also provides that "[i]n the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby" (Settlement Agreement ¶ VI(D)). Therefore, the confidentiality clause can be stricken
(continued...)

7

The settlement agreement also contains a mutual non-disparagement clause (Settlement Agreement ¶ II(C)). Because it includes a carve-out for truthful statements, it is permissible. Lopez v. Nights of Cabiria, LLC, supra, 96 F. Supp. 3d at 180 n.65; accord Weng v. T&W Rest., Inc., 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.).

The settlement agreement also contains a mutual general release, with a carve-out for "any workers' compensation or workplace injury related claims" (Settlement Agreement ¶ V). "A general release of the kind proposed in this case, with [a] former employee[] who ha[s] no ongoing relationship with the employer, makes sense in order to bring complete closure." Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). Additionally,

---

[1](...continued)
without withholding approval of the entire settlement agreement. See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

because the clause was negotiated by competent counsel for both sides, the mutual general release is permissible in this case. Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *7; accord Cionca v. Interactive Realty, LLC, supra, 2016 WL 3440554 at *4; Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2.

Finally, the settlement also provides that, after deduction of out-of-pocket costs, approximately 34% of the settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee

arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.-Y. June 22, 2012) (Freeman, M.J.). In this case, there is a negligible difference between 33.33% of the settlement fund and 34% of the fund, and therefore the contingency fee is reasonable.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter, without the confidentiality provision. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
May 3, 2017

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

10

Copies transmitted to:

All Counsel of Record